**2011-CC00909**

Electronically Filed - St Charles Circuit Div - September 21, 2020 - 03:01 PM

## IN THE COUNTY OF ST. CHARLES
## STATE OF MISSOURI

| | |
|---|---|
| **AXIOM PRODUCT**<br>**ADMINISTRATION LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.** |
| | ) |
| | ) |
| **DAN O'BRIEN an individual,** | ) |
| **LESLIE JAGUANDE-O'BRIEN, an individual** | ) |
| **DMO AUTO ACQUISITIONS LLC,** | ) |
| **DMO NORTH HAMPTON LLC,** | ) |
| **DMO CLAREMONT, LLC,** | ) |
| **DMO NORWOOD LLC,** | ) |
| **DMO CHELMSFORD LLC,** | ) |
| **DMO HANOVER LLC,** | ) **Division:** |
| | ) |
| | ) |
| | ) |
| | ) |

## <u>MOTION FOR TEMPORARY RESTRAINING ORDER</u>

Plaintiff AXIOM Product Administration LLC ("Axiom") respectfully moves this Court, pursuant to Missouri Rule 92.02, for a Temporary Restraining Order and/or a Preliminary Injunction against Defendants Dan O'Brien, an individual, Dan O'Brien Auto Acquisitions LLC d/b/a Dan O'Brien Kia of Concord, DMO North Hampton LLC d/b/a DMO North Hampton LLC, DMO Claremont, LLC d/b/a Dan O'Brien Subaru of Claremont,  DMO Norwood LLC d/b/a Dan O'Brien Kia Norwood, DMO Chelmsford LLC d/b/a Dan O'Brien Nissan Chelmsford, and DMO Hanover LLC d/b/a Infinity Hanover (collectively "Defendants") to enjoin them from continuing to breach their Exclusivity Obligations contained in a Dealer Capital Advance Agreement executed by Defendants and Axiom.

EXHIBIT 4

Electronically Filed - St Charles Circuit Div - September 21, 2020 - 03:01 PM

## A. **BACKGROUND FACTS**

1.    This dispute arises out of Defendants' breach of their Exclusivity Obligations contained in a Dealer Capital Advance Agreement (the "Agreement") entered into between the Parties on December 13, 2019. *See* accompanying Verified Petition for Injunctive Relief, filed concurrently herewith.

2.    When Defendants entered into the Agreement, they agreed that for a period of time they would not:

> a.   (i) Solicit, promote, sell or offer any F&I Products or Services that compete with the "Warranties," "Products," "Programs," or "Contracts" offered under the Dealer Agreements (as those terms are defined in the Dealer Agreements); or (ii) enter into or participate in any discussion or negotiations with any Person or group of Persons other than [Axiom] and its affiliates regarding such products and services." *See* Section IV(G), hereinafter the "Exclusivity Obligations."

3.    A copy of the Agreement is attached to the Verified Petition as **Exhibit 1**.

4.    However, on or around July 1, 2020, Axiom became aware that Defendants might be in violation of their Exclusivity Obligations by beginning to move their current F&I products and dealer services to other providers in competition with Axiom. See Verified Petition, at ¶ 36.

5.    Specifically, on or around this time, Defendants' sales volume of Axiom's products went from an average of 1,299-2,033 contracts per month to zero.  See Verified Petition, at ¶ 37.

6.    Defendants also copied their new F&I agent, the Barc Group, on an email to Axiom requesting certain information. See Verified Petition, at ¶ 38.

7.    Upon information and belief, the Barc Group has connected Defendants with SouthwestRe as Defendants' new F&I supplier.  See Verified Petition, at ¶ 39.

8.    In addition, at the inception of the relationship between Axiom and Defendants, Defendants had granted Axiom digital access to Defendants' Dealer Management System, which

Electronically Filed - St Charles Circuit Div - September 21, 2020 - 03:01 PM

allowed Axiom to view the accurate monthly depiction of New/Preowned retail vehicle sales by Defendants. See Verified Petition, at ¶ 40.

9.     Beginning on or around July 6, 2020, Defendants suddenly and without notice, terminated Axiom's access to the Dealer Management System. Upon information and belief, this was done in an attempt to hide Defendants' breach of its Exclusivity obligations. See Verified Petition, at ¶ 41.

10.     Based on these facts, Axiom deduced that Defendants had begun selling F&I products and services of competitors in violation of its Exclusivity Obligations. See Verified Petition, at ¶ 42.

11.     As such, Defendants are now in violation of their contractual and legal duties as contemplated and agreed to by the Parties in the Agreement.

12.     Axiom seeks immediate injunctive relief (in the form of a temporary restraining order and/or a preliminary injunction) in order to prevent continued irreparable harm caused by Defendants' wrongful conduct. Axiom specifically seeks an Order enjoining Defendants from continuing to breach the Agreement by selling F&I products and services of competitors and restoring Axiom's access to the Dealer Management System until the merits of this case are resolved.

13.     Pursuant to Missouri Supreme Court Rule 92.02, Axiom is supporting its request for a temporary restraining order with a Verified Petition which is being filed concurrently herewith, and by this reference is expressly incorporated herein.

B. **STANDARD FOR ISSUING A TEMPORARY RESTRAINING ORDER**

14.     "When considering a motion for a [temporary restraining order], a court should weigh the movant's probability of success on the merits, the threat of irreparable harm to the

1872693                                                                        3

Electronically Filed - St Charles Circuit Div - September 21, 2020 - 03:01 PM

movant absent the injunction, the balance between this harm and the injury that the injunction's issuance would inflict on other interested parties, and the public interest." *State ex rel. Dir. of Revenue, State of Mo. v. Gabbert*, 925 S.W.2d 838, 839 (Mo. 1996) (internal quotations omitted).

15.     Importantly, the issuance of a temporary restraining order depends in large part on an assessment of the movant's likelihood of success, and the threat of irreparable harm if injunctive relief is not granted pending a final resolution of the case. *Cook v. McElwain*, 432 S.W.3d 286, 292 (Mo. Ct. App. 2014).

## C.  IRREPARABLE HARM

16.     Irreparable harm is established if monetary remedies cannot provide adequate compensation for improper conducted. *Minana v. Monroe*, 467 S.W.3d 901, 907 (Mo. Ct. App. 2015).

17.     Here, unless Defendants are enjoined from improperly selling F&I products of Axiom's competitors in violation of the Agreement, Axiom will be immediately and irreparably harmed by:

a.   Loss of clients, and the confidence and trust of clients;

b.   Loss of business expectancy;

c.   Loss of its good will and reputation it expected to gain through its exclusive business with Defendants;

d.   Loss of the benefit of the bargain Axiom expected to receive by entering into the Agreement with Defendants;

e.   Economic loss from lost profits which is very difficult to ascertain at this time, but is estimated to exceed $25,000.

Electronically Filed - St Charles Circuit Div - September 21, 2020 - 03:01 PM

18.     No monetary remedies can provide adequate compensation to Axiom in light of the irreparable harm it would experience as described above.

19.     Indeed, the harm to Axiom has already been occurring due to Defendants' ongoing and continuous breach of their Exclusivity Obligations.

20.     Only a temporary restraining order would compensate Axiom at this time.

21.     If Defendants' are allowed to continue, however, such an effect would cause irreparable harm to Axiom's business.

**D.   LIKELIHOOD OF SUCCESS ON THE MERITS**

22.     Axiom possesses a likelihood of success on the merits in it breach of contract claims against Defendant.

23.     Critically, in order for a temporary restraining order to be issued, the movant need only show a probability of success on the merits not an absolute showing. *Estate of Hutchison v. Massood*, 494 S.W.3d 595, 608 (Mo. Ct. App. 2016)

24.     Here, Axiom has a likelihood of success on its breach of contract claim because Defendants entered into a validly binding and legally enforceable contract with Axiom by executing the Agreement.

25.     Defendants accepted the Agreement and agreed that in exchange for the time, effort and expenses undertaken by Axiom in connection with the Agreement they would abide by the Exclusivity Obligations contained in the Agreement.

26.     By Defendants continuing to sell F&I products of competitors, they are in clear breach of their Exclusivity Obligations by which they agreed to abide when entering into the Agreement.

Electronically Filed - St Charles Circuit Div - September 21, 2020 - 03:01 PM

**E.  THE BALANCE OF EQUITIES AND PUBLIC INTEREST**

27.     Finally, the balance of equities and public interest favor the entry of a temporary restraining order.

28.     Here, the Parties entered into a legally binding contract with each other wherein each party had the ability to negotiate the terms of the Agreement and freely sign the terms as agreed upon.

29.     However, Axiom may lose the benefit of the bargain they would have had through the contractual arrangements they entered into with Defendants.

30.     If Axiom is not able to immediately receive this benefit, it would severely affect Axiom's business expectancy and viability.

31.     If Defendants are allowed to continue with their actions, on the other hand, they would have received their benefit of the bargain from Axiom without having to immediately compensate Axiom and without fear of legal consequences associated with a blatant breach.

32.     As such, the balance of equities favors Axiom.

33.     Additionally, it is within the public interest to honor the contractual arrangements to which the Parties agreed and immediately enjoin Defendants from continuing to breach the Agreement.

34.     Indeed, "[s]ophisticated parties have freedom of contract—even to make a bad bargain, or to relinquish fundamental rights." *Purcell Tire & Rubber Co. v. Exec. Beechcraft, Inc.,* 59 S.W.3d 505, 508 (Mo. 2001) (finding the terms of a contract entered into between sophisticated businesses and negotiated at arms-length did not violate public policy).

35.     Here, without injunctive relief, businesses like Defendants may also enter into similar agreements with Axiom (or other similar companies) that contain exclusivity provisions

Electronically Filed - St Charles Circuit Div - September 21, 2020 - 03:01 PM

and violate their contractual obligations without fear of legal consequences, especially since they will likely argue that any lost profits are speculative and unrecoverable.

36.     Public interest would not favor this outcome.

**F.   NEED FOR IMMEDIATE RELIEF**

37.     Axiom requests an immediate Temporary Restraining Order as well as a Preliminary Injunction because Defendants are selling F&I products of competitors in violation of the Agreement.

WHEREFORE, by virtue of the foregoing acts, Axiom respectfully requests a Temporary Restraining Order:

a.   Enjoining Defendants from continuing to (i) solicit, promote, sell or offer any F&I Products or Services that compete with the "Warranties," "Products," "Programs," or "Contracts" offered under the Dealer Agreements (as those terms are defined in the Dealer Agreements); or (ii) enter into or participate in any discussion or negotiations with any Person or group of Persons other than [Axiom] and its affiliates regarding such products and services."

b.   Requiring Defendants to exclusively offer Axiom products in contemplation of the Agreement.

c.   Directing Defendants to allow Axiom access to its Dealer Management System.

d.   Awarding Axiom its reasonable costs and attorneys' fees associated with bringing this litigation.

38.     A draft of a proposed Order for the Court's consideration is attached hereto.

Electronically Filed - St Charles Circuit Div - September 21, 2020 - 03:01 PM

Dated: September 21, 2020                GREENSFELDER, HEMKER, & GALE, P.C.

By: _____*/s/ James H. Ferrick III*_____
James H. Ferrick III
jhf@greensfelder.com
Kathleen M. Howard
khoward@greensfelder.com
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
(314) 516-2689 / (314) 241-4245 Facsimile

*Attorneys for Plaintiff Axiom*
*Product Administration, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 21st day of September, 2020, the foregoing document was filed electronically with the Clerk of Court.

_____/s/ James H. Ferrick III_____