# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AXIOM PRODUCT ADMINISTRATION, LLC, ) ) | |
|     Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:20-cv-01333-MTS |
| DAN O'BRIEN, *et al.*, ) ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court notes a potential issue with subject matter jurisdiction in this case that the parties need to address. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Defendants removed this action from Missouri's Eleventh Judicial Circuit Court asserting that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Doc. [1] ¶ 9. In order for the Court to have diversity jurisdiction under § 1332(a)(1), besides the amount in controversy exceeding $75,000, Plaintiff must be completely diverse from Defendants in such a way that Plaintiff is not a citizen of the same state as Defendants. *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003). And their complete diversity must have existed both at the time of removal and at the time Plaintiff filed the action in state court. *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *see also Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced").

In their Notice of Removal, Defendants alleged that Plaintiff was an LLC "with only one member, Michael John Reth," who was alleged to be a citizen of Missouri. Doc. [1] ¶ 18; *see also GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that for diversity jurisdiction purposes, an LLC's citizenship is that of all its members). But in Plaintiff's Disclosure of Organizational Interests Certificate, Plaintiff indicates it actually has two members, each of which is a "Missouri Trust." Doc. [13]. The Disclosure did not require Plaintiff to list more, but, given the disconnect between the Disclosure and the Notice of Removal, the Court needs to know more for subject matter jurisdiction purposes. *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, 4:15-cv-1541-CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015) ("For any members of LLCs that are . . . trusts, facts concerning their underlying . . . trustees or beneficiaries must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be.").[1]

There is no information in the file "to permit the Court to determine what type of trusts these [we]re," which would determine whether the trusts' beneficiaries, trustees, or both need to be considered for purposes of diversity jurisdiction. *Senderra Rx Partners, LLC v. Express Scripts, Inc.*, 4:21-cv-521-RLW, 2021 WL 5802483, at *4 (E.D. Mo. Dec. 7, 2021), *appeal dismissed*, 21-3996, 2022 WL 774075 (8th Cir. Feb. 9, 2022). The removing Defendants here have the burden to establish subject matter jurisdiction. *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014). But this information on the trusts likely is exclusively in the possession of Plaintiff, absent discovery on the matter. For efficiency, see

---

[1] Somewhat muddling matters here is that Plaintiff Axiom Product Administration, LLC appears now to be Axiom Product Administration, Inc. *See* Doc. [62-1] ¶ 1. But if this transformation occurred after the filing of this suit in state court and after the removal to this Court, it should have no bearing on the issues discussed herein. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." (internal quotations omitted)); *see also* Fed. R. Civ. P. 25(c).

Federal Rule of Civil Procedure 1, the Court will Order Plaintiff to file a notice with the Court informing it of the required information based on the type of trusts at issue. It will not be enough to simply note that the trust beneficiaries or trustees "are all citizens" of *x* or *y*; the Court will need to be informed of "their names and citizenships." *Midwest Renewable Energy, LLC v. Roemer Mach. & Welding Co.*, 4:13-cv-00027-HDV, 2013 WL 12155351, at *2 (S.D. Iowa Feb. 7, 2013); *see also Villareal v. B&C Contracting Specialist Inc.*, 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include *factual allegations* of each party's state of citizenship[.]" (emphasis added)); *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (noting courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions"). It also is important to remember that the citizenship information must be as it existed when Plaintiff filed in state court *and* when Defendants removed it to this Court.

Without this information on Plaintiff's citizenship, the Court will be required to remand this case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that, consistent with this Memorandum and Order, Plaintiff/Counter Defendant Axiom Product Administration shall file a notice with the Court regarding its citizenship, for purposes of determining subject matter jurisdiction, no later than Thursday, June 2, 2022.

Dated this 12th day of May, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE